## SUPREME COURT.

FREEMAN CLARKE, appellant agt. THE CITY OF ROCHESTER, respondent.

An *extra allowance of costs* under section 309 of the Code, cannot be granted on an application made after the general costs in the action have been adjusted, the judgment perfected and roll filed. The application comes too late.

(E. DARWIN SMITH, J., *holding directly adverse in the next following special term case of Beals* agt. *Benjamin; that the provision authorizing the court to give an extra allowance is a general and extensive grant of power and jurisdiction over the question and subject, which can more wisely and discreetly be exercised when the litigation is at an end, and may be exercised whenever the court is applied to, to allow or adjust costs or to enter a judgment—after trial at the circuit, after appeal to the general term or court of appeals, whenever there is to be an adjustment of costs.*)

*Monroe Special Term, June,* 1864. *Affirmed Monroe General Term, March,* 1865.

*Before* WELLES, *Justice.*

MOTION on the part of the defendant for an additional allowance of costs, under section 309 of the Code. The plaintiff in his complaint claimed $41,740, for money paid, &c. The defendant put in an answer, among other things, setting up a counter-claim, and the plaintiff put in a reply thereto. The action was tried at the Monroe circuit, where the plaintiff recovered judgment. The defendant appealed to the general term in the seventh district, where the judgment was reversed and a new trial ordered. The cause was again tried at the Monroe circuit in October, 1857, before the justice holding the circuit, without a jury, when the defendant recovered judgment, which on appeal by the plaintiff, was affirmed by the general term of the same district. Judgment was perfected on such affirmance on the 17th day of June, 1859. From this last judgment the plaintiff appealed to the court of appeals, where the same was affirmed at the last March term of that court, and the remittitur filed in the clerk's office of Monroe county on

the 11th day of May, 1864, by order of the general term, and the judgment of the court of appeals ordered to be carried into effect.

T. R. STRONG, *for the defendant.*
GEO. G. MUNGER, *for the plaintiff.*

WELLES, J.   The moving papers show the case to have been an extraordinary one, and exceedingly difficult, and if it is one in which an additional allowance of costs can be made under section 309 of the Code, such allowance should be a liberal one.   It is contended on the part of the plaintiff that the defendant is too late in this application; that it should have been made before the defendant had perfected the judgment upon the trial in October, 1857, and the additional costs, if any were allowed, should have been included on the adjustment of the defendant's costs which were entered in the judgment roll.   That part of section 309 under which the defendant claims an allowance in addition to the items allowed by section 307, is substantially as follows :   In difficult and extraordinary cases, where a trial has been had, except, &c., and in actions or proceedings for the partition of real estate, the court may, in its discretion, make a further allowance to any party, not exceeding five per cent. upon the amount of the recovery or claim, or subject matter involved.

There is nothing in the section referred to, or elsewhere in the Code, declaring in express terms at what stage or period of the action the allowance in question may be made.   It is, nevertheless, quite obvious that it should be made after the party asking for it has become entitled to general costs in the action, and should be included with such general costs on their adjustment, when the allowance in addition to the costs provided for by section 307, will go into and form a part of the judgment.   Such is the universal practice in regard to additional allowances under

section 308, and was also the practice in regard to allowances under section 263 of the Code, as first enacted in 1848, and under section 308 of the Code as amended in 1849. The fore part of section 309 of the Code as it now is, directs how the allowances provided for in the next previous section shall be computed. Then immediately follows in the same section, the provision under which the defendant in the present case claims an additional allowance.

If the allowances to be made by the court in addition to the items provided for by sections 307 and 308, are to form a component part of the judgment, which it seems to me is undeniable, it is not perceived how, after the judgment has been perfected and the roll has been filed, and especially after the judgment has been affirmed at the general term, and afterwards by the court of appeals, an additional allowance can be regularly made. The defendant should have made the application after the second trial and before the judgment was perfected. Having neglected until now, after the judgment has been perfected, and two appeals brought and decided, to apply for the allowance, I am constrained to believe the application has come too late. It could not be granted so as to be of any benefit to the defendant without opening the judgment and having the costs readjusted, which, I think under the circumstances of this case, would be irregular.

The decisions upon this question are not entirely uniform. The majority of them are substantially in accordance with the views above expressed. In *Van Rensselaer* agt. *Kidd* (5 *How. Pr. R.* 242), Judge PARKER says : " The costs of the original action were adjusted by the clerk, and became part of the judgment from which the appeal was taken. That judgment has been affirmed, and it is now too late to add to or diminish the costs thus adjudged." To the same effect is *Martin* agt. *McCormick* (3 *Sand. Sup. C. R.* 755). See also *McQuade* agt. *The N. Y. & E. R. R*

*Co.* (5 *Duer's R.* 613 ; *S. C. reported in* 11 *How. Pr. R.* 434). In *Bostwick* agt. *The Tioga R. R. Co.* (17 *How. Pr. R.* 456), decided by the general term of this (7th) district, although not involving this precise question, contains substantially the same general view, viz. : that additional costs allowed under section 308, must be included in the general bill upon a recovery of judgment. In *Wolf* agt. *Van Nostrand* (2 *Comst.* 570), it was held by the court of appeals that an additional allowance beyond the costs given by the 307th section of the Code, could only be made by the court of original jurisdiction, and in reference to the trial in that court. The only significance of that case upon the question under consideration is, that the additional allowance must be made *in reference to the trial in the court of original jurisdiction* (*see also* 2 *N. Y. Practice by Tiffany & Smith, pp.* 428 *and* 429). In *Powers* agt. *Wolcott* (12 *How. Pr. R.* 565), Mr. Justice E. DARWIN SMITH, sitting in special term, says, among other things : " If this suit ends here, I can see no grounds for an extra allowance ; but if it should be litigated further, it might be a proper case for such allowance when the litigation is at an end. Unless the cause is to stop at this trial, it strikes me that these applications should not be made till all the litigation shall be ended."

These remarks of my learned brother were clearly *obiter*, and with great respect for his ability and legal accuracy, I am unable to resist the conclusion that if he intended to be understood as advancing the idea that additional allowances may be made after the general costs in an action have been adjusted, the judgment perfected and roll filed, they are in conflict with the spirit of the statute giving additional allowances of costs, as well as against the current of decisions upon the question.

For the foregoing reasons I think the motion should be denied, and that an order to that effect should be entered, with $7 costs of opposing the motion.